## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| | |
|---|---|
| **JAMAL OMARI BROWN,** Petitioner | **CIVIL ACTION NO. 1:18-CV-1468-P** |
| **VERSUS** | **JUDGE DEE D. DRELL** |
| **CALVIN JONES,** Respondent | **MAGISTRATE JUDGE PEREZ-MONTES** |

## MEMORANDUM ORDER

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Jamal Omari Brown ("Brown") (#13446-104). Brown is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Pollock, Louisiana. Brown challenges the calculation of his sentence by the BOP.

## I.    Background

Brown was convicted of attempted sex trafficking of a minor. (Docket No. 1:16-cr-20526, S.D. Fla.). He was sentenced to 121 months of imprisonment. (Docket No. 1:16-cr-20526, S.D. Fla.).

Brown claims he did not receive proper credit against his federal sentence for time spent in federal custody.

## II.    Instructions to Amend

A petitioner seeking relief under § 2241 "must first exhaust his administrative remedies through the Bureau of Prisons." Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993) (quoting United States v. Gabor, 905 F.2d 76, 78 n. 2 (5th Cir. 1990));

United States v. Cleto, 956 F.2d 83, 84 (5th Cir. 1992) (holding that exhaustion of administrative remedies is a prerequisite to § 2241 relief). An exception to this requirement may be made if the petitioner demonstrates "extraordinary circumstances" such as the unavailability of administrative remedies, the inappropriateness of the remedies, or the futility of pursuing such remedies. Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). Exceptions to the exhaustion requirement apply only in "extraordinary circumstances." See Castano v. Everhart, 235 F. App'x 206, 207 (5th Cir. 2007) (citing Fuller, 11 F.3d at 62). The petitioner bears the burden of demonstrating the inappropriateness or futility of administrative review. See Fuller 11 F.3d at 62.

Brown does not allege that he exhausted administrative remedies. Brown should amend his petition to state whether he filed an administrative remedy regarding the computation of his sentence and whether he appealed the denial of relief through the regional and national levels. If so, Brown should provide copies of the responses received at each level. If Brown did not exhaust, he must explain what, if any, extraordinary circumstances prevented him from properly exhausting. See Fuller, 11 F.3d at 62.

III. Conclusion

**IT IS ORDERED** that Brown amend his petition within thirty (30) days of the filing of this Order to provide the information outlined above, or dismissal of this action will be recommended under Rule 41(b) of the Federal Rules of Civil Procedure.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 20th day of November, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge