a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JAMAL OMARI BROWN, Petitioner | CIVIL ACTION NO. 1:18-CV-1468-P |
| VERSUS | JUDGE DEE D. DRELL |
| CALVIN JONES, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Jamal Omari Brown ("Brown") (#13446-104). Brown is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Pollock, Louisiana. Brown challenges the calculation of his sentence by the BOP.

Because Brown has failed to comply with the Court's order to amend his petition, the petition should be dismissed without prejudice.

## I.  Background

Brown was convicted of attempted sex trafficking of a minor. (Docket No. 1:16-cr-20526, S.D. Fla.). He was sentenced to 121 months of imprisonment. (Docket No. 1:16-cr-20526, S.D. Fla.).

Brown claims he did not receive proper credit against his federal sentence for time spent in federal custody. Brown was ordered to amend his petition to state whether he filed an administrative remedy regarding the computation of his sentence and whether he appealed the denial of relief through the regional and national levels.

(Doc. 3). Brown was further ordered to provide copies of the responses received at each level if he filed grievances, and to explain what, if any, extraordinary circumstances prevented him from properly exhausting if he did not file grievances. (Doc. 3).

II. <u>Law and Analysis</u>

A district court may dismiss an action for a petitioner's failure to prosecute or to comply with any order. Fed. R. Civ. P. 41(b). A court possesses the inherent authority to dismiss the action *sua sponte*, without a motion by a defendant. See <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." <u>Id.</u> at 629-630.

Brown has failed to comply with the Court's order to amend his petition on or before December 20, 2018. (Doc. 3). Brown did not request an extension of time within which to comply with the Order. Therefore, Brown's petition should be dismissed pursuant to Rule 41 of the Federal Rules of Civil Procedure.

III. <u>Conclusion</u>

Because Brown has failed to comply with the Court's Order (Doc. 3), IT IS RECOMMENDED that the petition be DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of

this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __22nd__ day of January, 2019.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge